IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                   **Case No. 93-20048-01-JWL**
                                         **05-3279-JWL**

**Carl Marshall,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On October 5, 1993, a jury convicted Mr. Marshall of conspiracy to distribute and distribution of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. Mr. Marshall appealed and the United States Court of Appeals for the Tenth Circuit affirmed his conviction on April 14, 1995. Mr. Marshall filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in January 1997. The court denied the motion in June 1997 and the Tenth Circuit affirmed that decision. *See United States v. Marshall*, 1998 WL 864012 (10th Cir. Dec. 14, 1998).

On June 22, 2005, Mr. Marshall filed another motion to vacate, set aside or correct his sentence (doc. 495) in which he asks this court to vacate his sentence in light of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*,

125 S. Ct. 738 (2005). Because Mr. Marshall's motion constitutes a successive habeas petition,[1] he is required to obtain prior authorization from the Tenth Circuit before filing his petition in this court. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). The record reveals that Mr. Marshall has not obtained authorization from the Tenth Circuit and, as a result, this court lacks jurisdiction to address the merits of Mr. Marshall's unauthorized successive petition. *See id.* at 975-76. The court, then, must transfer Mr. Marshall's motion to the Tenth Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion pursuant to 28 U.S.C. § 2255 (doc. 495) is transferred to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2005, at Kansas City, Kansas.

---

[1] Mr. Marshall contends that the rule concerning successive motions does not apply to his motion. According to Mr. Marshall, his motion is based on § 2255(3) (one-year statute of limitations applies to motion and the clock runs from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review) which is not limited by the rule concerning successive motions. Mr. Marshall's argument lacks merit. Because he has already filed a motion pursuant to § 2255, his present claim under § 2255(3) is limited by the special rules that apply to successive collateral attacks. *See, e.g., Fischer v. United States*, 285 F.3d 596 (7th Cir. 2002) (claim brought pursuant to § 2255(3) is subject to rules governing successive habeas petitions where inmate had filed previous petition).

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge