**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  93-20048-JWL** |
| | ) | |
| **CARL MARSHALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

**MEMORANDUM AND ORDER**

Carl Marshall is currently serving a 400-month prison sentence for various

drug offenses.  His case is now before the court on his pro se Motion Pursuant to 18

U.S.C. 3582(c)(2) (Doc. 521) and his pro se Motion for Hearing and Appointment of

Counsel on his 18 U.S.C. 3582(c)(2) motion (Doc. 522).  Additionally, the Federal

Public Defenders' Office filed a Supplement to Defendant's Pro Se Motion to Reduce

Sentence (Doc. 529), which this court considered in conjunction with Mr. Marshall's

filings.  For the reasons discussed below, Mr. Marshall's motions are denied.

**BACKGROUND**

In 1993, a jury found Mr. Marshall guilty of one count of conspiracy to

distribute crack cocaine and three counts of distribution of crack cocaine, and he was

sentenced to life in prison.  Four years later in 1997, this court granted a motion from

Mr. Marshall to reduce his sentence based on Amendment 505, which adjusted the base offense level for drug offenses.  Under that amendment, Mr. Marshall's base offense level was 38 because this court found him responsible for over 15 kilograms of crack cocaine.  His total offense level was 42 and the applicable sentencing guidelines range was 360 months to life.  This court imposed a 400-month prison sentence.

## DISCUSSION

Mr. Marshall suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines.  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).

Mr. Marshall relies on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1.  U.S.S.G. app. C

Supp. Amend. 706.  Amendment 706 is listed as a covered amendment in § 1B1.10, U.S.S.G. § 1B1.10 (Supp. 2008), so it applies retroactively and may serve as support for a § 3582 reduction in sentence.  *See* U.S.S.G. app. C Supp. Amend. 713.

Section 1B1.10 also provides, however, that a reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  This provision stands as a bar to Mr. Marshall's request for relief.

The court found Mr. Marshall responsible for over 15 kilograms of crack cocaine.  According to the Drug Quantity Table in effect at the time Mr. Marshall's sentence was amended, Mr. Marshall was assigned a Base Offense Level of 38 (the highest level listed) because his case involved "1.5 KG or more of Cocaine Base." U.S.S.G. § 2D1.1 (1997).  Amendment 706 changed § 2D1.1(c) so that Base Offense Level 38 now applies to "4.5 KG or more of Cocaine Base."  U.S.S.G. § 2D1.1(c) & app. C Supp. Amend. 706.  Mr. Marshall's relevant conduct included far more than 4.5 kilograms of cocaine base, and so his Base Offense Level remains unchanged by Amendment 706.  Thus, his applicable guideline range is not lowered and a reduction in sentence based on Amendment 706 is not authorized.  U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Sharkey*, 2008 WL 4482893, at \*2 (10th Cir. Oct. 7, 2008); *United States v. Herrera*, No. 08-6046, 2008 WL 4060168, at \*4 (10th Cir. Sept. 3, 2008) (unpublished); *United States v. Williams*, No. 08-5014, 2008 WL 3861175, at

3

*2 (10th Cir. Aug. 15, 1008) (unpublished).[1]

Mr. Marshall also argues that this court nonetheless has jurisdiction to consider a sentence reduction because the policy statement in § 1B1.10 is invalid. In support of this contention, Mr. Marshall compares the precise language of § 1B1.10 and § 3582(c). Section 3582(c) applies to situations where a "sentencing range" has been lowered, but § 1B1.10 allows for reduced sentences only where a defendant's "guideline range" has been lowered. The difference in terminology—sentencing range versus guideline range—renders § 1B1.10 invalid because it conflicts, and in fact narrows, the language of the statute, Mr. Marshall asserts.

This distinction is unclear at best, particularly given that § 3582(c) references a "sentencing range" as determined by the guidelines, which would appear to mean, then, the same thing as a "guideline range." The only relevant range for purposes of calculating Mr. Marshall's sentence is the range listed on the Sentencing Table of the Guidelines, arrived at by finding the intersection of his Offense Level and his Criminal History Category. Even under the amended version of the Drug Quantity Table, Mr. Marshall's starting Base Offense Level is 38, just as it was when his sentence was amended. Thus, § 3582(c) affords Mr. Marshall no relief because Amendment 706 had no effect on his applicable sentencing range.

---

[1] Pursuant to Tenth Circuit Rule 32.1(A), the court cites these unpublished opinions for their persuasive value.

Finally, Mr. Marshall requests a hearing for the court to impose a new sentence and to specifically consider the factors discussed in 18 U.S.C. § 3553(a). Mr. Marshall relies on the above § 3582(c) arguments and on *United States v. Booker* and its progeny to support his request for a new sentencing hearing.  But his argument clearly has been foreclosed in the Tenth Circuit.  *See Sharkey*, 2008 WL 4482893, at *2; *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).  *Booker* does not provide a separate basis on which to reduce a defendant's sentence.  *Sharkey*, 2008 WL 4482893, at *2; *Price*, 439 F.3d at 1007.

As for Mr. Marshall's request for counsel, appointed counsel is unnecessary in this case, particularly given that Mr. Marshall essentially had the assistance of an attorney through the Federal Public Defender's supplemental filing.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion Pursuant to 18 U.S.C. 3582(c)(2) (Doc. 521) and his Motion for Hearing and Appointment of Counsel (Doc. 522) are denied.

**IT IS SO ORDERED** this 4th  day of November, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5