## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        **Plaintiff,**

v.                                        Case No. 93-20048-01-JWL

Carl Marshall,

        **Defendant.**

### MEMORANDUM & ORDER

In 1993, a jury convicted Carl Marshall of conspiracy to distribute crack cocaine and multiple counts of distribution of crack cocaine. Based on a total offense level of 46, which exceeded the maximum of 43 provided for in the sentencing table, Mr. Marshall received a mandatory sentence of life imprisonment under the then-mandatory sentencing guidelines. In 1997, this court granted Mr. Marshall's motion for a sentence reduction based on the retroactive application of Amendment 505 to the sentencing guidelines, which had the effect of lowering Mr. Marshall's base offense level to 38 and his total offense to 42. When coupled with Mr. Marshall's criminal history category of I, the amendment resulted in an amended guideline range of 360 months to life. The court imposed a new sentence of 400 months.

This matter is now before the court on Mr. Marshall's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Marshall's base offense level is 36 and his total offense level is 40, resulting in

an amended guideline range of 292 months to 365 months imprisonment.  In his motion for reduction, Mr. Marshall requests that the court resentence him to the mid-point of the range (324 months) consistent with the court's efforts in connection with Mr. Marshall's resentencing under Amendment 505.[1]  In response, the government concedes that Mr. Marshall is eligible for a reduction (and the parties agree as to the amended range) but contends that a reduction is not warranted in light of the nature and circumstances of Mr. Marshall's crimes of conviction, including the fact that he was a prolific dealer of crack cocaine, was a leader of the conspiracy, and recruited others into the conspiracy.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).  Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here.  In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."  *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

---

[1] Even though there is not a mid-point of a sentence range of 360 months to life, the court indicated that the 400-month sentence was intended to roughly represent a mid-point sentence.

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Marshall to the mid-point of the amended range as it did in connection with Mr. Marshall's original sentence.  Mr. Marshall's counsel has calculated that a sentence of 324 months represents the same guideline point in the amended range as the court utilized in calculating Mr. Marshall's amended sentence of 400 months.  The government does not challenge counsel's calculations and they appear accurate to the court.  In granting a reduction, the court rejects the government's argument that no reduction whatsoever is warranted in light of the seriousness of Mr. Marshall's crimes.  The nature and circumstances underlying Mr. Marshall's crimes are already factored into Mr. Marshall's total offense level—including the quantity of drugs for which he is responsible and his leadership role in the conspiracy.  Those factors, then, do not suggest that Mr. Marshall, who is otherwise eligible for a reduction, should be denied a reduction.  This is particularly true because the court, in resentencing eligible defendants under Amendment 782, endeavors to determine what sentence a particular defendant should have received had the revised Drug Quantity Table been in effect at that time.  Had the revised Drug Quantity Table been in effect at the time of Mr. Marshall's sentencing, the court likely would have sentenced him to 324 months.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Marshall's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 577) is **granted as described herein** and Mr. Marshall's sentence is **reduced from 400 months to 324 months imprisonment**.  All other provisions of the amended judgment dated March 31, 1997 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge

.